**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
LOUIS LOVE, Individually and on behalf of
All Other Persons Similarly Situated,

        Plaintiff,                     **REPORT & RECOMMENDATION**

   -against-

                                            09-CV-4233 (ILG) (RER)

AMERIGROUP CORPORATION and
AMERIGROUP NEW YORK, L.L.C. f/k/a/
CAREPLUS, L.L.C.,

        Defendants.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

## Introduction

On October 1, 2009, Louis Love brought this putative class action in diversity on behalf of himself and others similarly situated against Amerigroup Corporation and Amerigroup New York, L.C.C. f/k/a CarePlus, L.L.C. (collectively, "Defendants") for declaratory relief and damages pursuant to New York Labor Law §§ 650 *et seq,* 28 U.S.C. §§ 1332(d) (2) (A), 2201, 2202. (Compl. ¶¶ 1, 2, 7, at 7–8.) After Love failed to appear at the March 9, 2010 Initial Conference, on March 11, 2010, the Defendants moved to dismiss for Love's failure to prosecute and failure to abide by the Court's orders. (Dkt. 17.) On March 17, 2010, the Honorable I. Leo Glasser referred the motion to me to hear and recommend pursuant to 28 U.S.C. § 636(b) (1) (B). (Dkt. 21.) For the reasons stated below, I respectfully recommend that the motion be granted.

## Background

Love, a New York resident, alleges in his Complaint that he worked for the Defendants as a "facilitator" in or about September 2004 through September 2005. (Compl. ¶¶ 8–9.) Love

brought this action "on behalf of all persons who have worked for Defendants as facilitators, or persons with other titles, who performed outreach and/or facilitated enrollment of members for Amerigroup's healthcare services . . . and who have not been paid all wages owed by them." (*Id.* ¶ 14.) Defendant Amerigroup Corporation, a Delaware corporation with a principal place of business in Virginia, is "a multi-state managed healthcare company . . . serving people who receive healthcare benefits through publicly sponsored programs, including Medicaid." (*Id.* ¶ 10 (quoting Amerigroup Corporation's 10-K report filed with the U.S. Securities and Exchange Commission).) According to the Complaint, defendant Amerigroup New York, L.C.C. f/k/a CarePlus, L.L.C., a New York limited liability company, is a wholly-owned subsidiary of Amerigroup Corporation. (*Id.* ¶¶ 11–12.)

The Complaint states that the Defendants "willfully failed to pay [Love and similarly situated employees in New York] proper compensation for all of the hours worked . . . [and] overtime compensation," "to maintain accurate and sufficient time records," and "to post or keep posted a notice explaining the minimum wage and overtime pay rights." (*Id.* ¶¶ 25, 26, 28, 29.) Based on the Defendants' initial investigation, however, Love worked for the Defendants' predecessor during a period outside the statute of limitations and did not work for either the Defendants or their predecessors "at any time within the [six-]year limitations period for the claims in his Complaint." (Affirmation of Jonathan Kozak in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Kozak Aff."), Ex.B, at 1.)

On January 19, 2010, Love's counsel moved to withdraw from the case due to Love's "unresponsiveness" to counsel's "telephone, mail, and e-mail communications." (Dkt. 12, Affirmation, ¶¶ 7–8.) On January 25, 2010, the Court granted the motion and adjourned the

February 9, 2010 Initial Conference to March 9, 2010, directing Love's counsel to "serve [Love] with this order and advise him that [his] failure to appear at the conference [,] whether pro se or by counsel [,] may result in a report being issued to the [D]istrict [J]udge recommending that the case be dismissed for failure to prosecute." (Dkt. 13.) The Court mailed a copy of this order by certified mail to Love's last known address that his counsel provided to the Court. (Dkt. 15.) Love failed to appear at the March 9, 2010 Initial Conference, and the Court directed the defense counsel to file a motion to dismiss for failure to prosecute and to abide by the Court's scheduling order pursuant to Rules 26 and 27 and the Court's January 25, 2010 order, which required the plaintiff to appear at the Initial Conference. (Dkt. 16.) The Defendants filed their motion on March 11, 2010.[1] (Dkt. 17.) Plaintiff has not opposed this motion. (*See* Dkt.) On March 17, 2010, the Honorable I. Leo Glasser referred this motion to me to hear and recommend. (Dkt. 21.)

### Discussion

I. **Standard for Involuntary Dismissal pursuant to Rule 41(b)**

The court's power to dismiss a case for want of prosecution is an "inherent power," "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Recognizing this power, Rule 41(b) provides that "a

---

[1] The Defendants moved "to dismiss plaintiffs'[sic] complaint pursuant to Fed. R. Civ. P. 26, 27 and 41 and the orders of this Court." (Notice of Motion at 2.) I will construe this motion, as per minute entry for the March 9, 2010 Initial Conference, as a Rule 41(b) "motion to dismiss for failure to prosecute and for failure to abide by the Court's scheduling order pursuant to Rules 26 [and] 27" and the Court's January 25, 2010 order directing the plaintiff to appear at the March 9, 2010 Initial Conference. (Dkt. 13, 16.)

3

defendant may move to dismiss the action or any claim against it" if a plaintiff fails (1) "to comply with [the Rules] or a court order" or (2) to prosecute his case. Fed. R. Civ. P. 41(b). A district court may treat a party's noncompliance with the court's orders or the Rules as a failure to prosecute. *See, e.g.*, *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) ("the factors involved in determining whether there has been an abuse of discretion in either context [— dismissal for failure to prosecute or dismissal for noncompliance—] are nearly identical"); *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 252–53 (2d Cir. 1995) (treating the plaintiff's failure to comply with the court's order as a failure to prosecute); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("[t]he district court . . . has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute").

To determine whether dismissal for failure to prosecute is appropriate, the courts examine five factors, specifically, whether:

> (1) the plaintiff's failure . . . caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The first factor — the duration of the delay — further "breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255 (citation omitted). As to the second factor — notice — the court may dismiss a case for failure

4

to prosecute "even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link,* 370 U.S. at 633. *See also Griffin v. Norwegian Cruise Line, Ltd.*, No. 01-CV-9755 (PKL), 2002 WL 1268008, at *1 (S.D.N.Y. June 6, 2002) ("[i]t is well settled that, in the appropriate case, notice of the impending dismissal for failure to prosecute and a prior hearing are not required"). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link*, 370 U.S. at 632. Ultimately, none of the five factors alone is dispositive; the court must decide whether the dismissal is warranted "in light of the record as a whole." *Lewis,* 564 F.3d at 575 (citation and internal quotation marks omitted).

A pro se plaintiff, "who likely lacks the professional and institutional support of a paid advocate," should be "granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Although Rule 41(b) dismissals are reviewed for an abuse of discretion, "deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (citation and internal quotation marks omitted). Nevertheless, "[t]he severe sanction of dismissal with prejudice may be imposed even against a [pro se] plaintiff . . . , so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citations omitted).

Courts are traditionally reluctant to dismiss cases on the merits for lack of prosecution. *Baker,* 72 F.3d at 253. Although Rule 41(b) dismissal may serve as "an important tool for

5

preventing undue delays and avoiding docket congestion," it is "one of the harshest sanctions at a trial court's disposal" because "it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court." *Drake*, 375 F.3d at 251 (citation omitted). *See also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("dismissal is 'a harsh remedy to be utilized only in extreme situations'"). As such, prior to dismissing the case with prejudice, the court should consider other remedies, such as an imposition of a fine or setting a litigation timetable. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (finding that "the district court had no reason to believe that lesser sanctions [, such as setting a litigation timetable for certain remaining claims,] would be effective" where the plaintiff did not request time to litigate such claims and did not "represent that he was prepared to prosecute those claims diligently"); *Griffin*, 2002 WL 1268008, at *2 (conditionally dismissing the case and requiring the plaintiff to contact the court by a particular date).

Under Rule 41(b), "[u]nless the court in its order for dismissal otherwise specifies," dismissal for failure to prosecute or noncompliance "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). An "adjudication upon the merits" bars a "plaintiff from returning later, to the same court, with the same underlying claim" and may have claim-preclusive effect in other courts. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (relying on Rule 41(a) in interpreting Rule 41(b)). To alleviate the harshness of outright dismissal with prejudice, the court may dismiss a case without prejudice. *See, e.g., Russian v. Town of Southampton*, No. 03-CV-03399 (ADS), 2005 WL 1262096, at *1 (E.D.N.Y. 2005) (dismissing the case "without prejudice with leave to apply to re-open this case within [twenty] days of the date of [the dismissal] upon a showing of good cause for failure to prosecute").

As a practical matter, after the court dismisses a case for failure to prosecute, the plaintiff may move to be relieved from the dismissal pursuant to Rule 60(b), which "provides in part that a district court can relieve a party . . . from a final judgment for mistake, inadvertence, excusable neglect, or 'any other reason justifying relief from the operation of the judgment.'" *Foley v. United States,* 645 F.2d 155, 157 (2d Cir. 1981) (discussing Rule 60(b)).

## II. The Court Should Dismiss This Case with Prejudice

### A. Duration of the Delay

For the past the past five months, since December 17, 2009, when the parties stipulated to extend the Defendants' time to answer or otherwise appear in the case, Love has not prosecuted his case. (*See* Dkt. 11.) The plaintiff's counsel withdrew in January 2010, and the plaintiff failed to appear at the March 9, 2010 Initial Conference. (Dkt. 12, 16.) Nothing in the record suggests that this failure to prosecute was caused by anyone other than the plaintiff. While the delay in this case does not exceed several months, at this time, there is no indication that Love intends to prosecute his case. As such, this factor favors dismissal.

### B. Notice to the Plaintiff that Further Delay Would Result in Dismissal

When the Court granted the motion to withdraw by Love's counsel on January 25, 2010, it directed Love's attorney to "advise him that [his] failure to appear at the [March 9, 2010 Initial] [C]onference . . . may result in a report being issued to the [D]istrict [J]udge recommending that the case be dismissed for failure to prosecute." (Dkt. 13.) The Court also directed Love's counsel to serve a copy of the January 25, 2010 order on the plaintiff. (*Id*.) In "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon

7

the attorney." *Link*, 370 U.S. 626, 634 (citation and internal quotation marks omitted). As such, the plaintiff is deemed to have notice that further delay would result in dismissal.

In addition, the Court requested Love's last known address from Love's counsel and mailed a copy of the January 25, 2010 order to the plaintiff on January 28, 2010 by certified mail. (Dkt. 15.) Following the March 9, 2010 Initial Conference, the Court mailed to the plaintiff by certified mail the minute entry and order directing the Defendants to file a motion to dismiss for failure to prosecute and failure to abide by the Court's order. (Dkt. 16, 22.) The United States Postal Service returned both mailings as "undeliverable," (Dkt. 20, 22, 23), perhaps because Love has moved. When a party changes his address, it is his obligation to notify the court of the new address. *Concepcion v. Ross*, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only to represented parties but also to pro se litigants. *Id.,* at *1; *Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). The court may deny relief to a pro se litigant who has failed to provide the court with notice of a change of address and missed an important deadline as a result of this failure. *See, e.g., Dong v. United States*, 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a pro se litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him). This factor favors dismissal.

### C. The Likelihood of Prejudice to the Defendants by Further Delay

While nothing in the record indicates that Love intends to prosecute the case, the Defendants are suffering actual prejudice in that (1) they are precluded from conducting discovery necessary to resolve the controversy, (2) they are forced to incur expenses defending

the case, such as costs of investigation and attorney's fees, and (3) Love's absence prevents the possibility of settlement.

Without fleshing out the allegations set forth in the Complaint, the Defendants may not be able to mount a defense in a meaningful and cost-efficient manner. According to the Defendants, their initial investigation established that Love did not work for them or their predecessors "at any time within the [six-] year limitations period for the claims in his Complaint." (Kozak Aff., Ex.B, at 1.) The Defendants' counsel, however, points out that they have already "spen[t] a significant amount of time and [incurred] considerable expenses searching for evidence of [the p]laintiff's employment within the limitations period." (*Id.*) The Defendants are incurring attorney's fees for court appearances and counsel's communication with the Court; the Defendants would likely incur costs associated with dispositive motions, should the case not be dismissed. Without plaintiff's involvement, the parties are unlikely to resolve the controversy, yet, keeping the case open is causing the Defendants to incur further costs. This factor weighs in favor of the Defendants.

### D. Balancing between Alleviation of Calendar Congestion and Plaintiff's Opportunity to be Heard

Love's failure to appear at the March 9, 2010 Initial Conference and to prosecute the case thereafter impedes the Court's ability to manage this case. A plaintiff is entitled to his day in court; however, where he shows no intent to prosecute the case, noone but the plaintiff can ensure his enjoyment of this right. This factor favors the Defendants.

### E. Consideration of Lesser Sanctions

Sanctions lesser than an outright dismissal, such as imposition of a fine or setting of a litigation timetable, would be ineffective in remedying the prejudice resulting from Love's delay because he is not communicating with either the Court or the adversary and, as discussed above, the Court's attempts to reach the plaintiff have failed. (*See* Dkt. 15, 16, 20, 22, 23.) An alternative sanction short of dismissal would not help to resolve the case expediently and may be difficult to enforce since the plaintiff appears to be unreachable.[2]

Considering the record as a whole, dismissal without prejudice is also inappropriate. All four other factors favor dismissal, and the plaintiff has not shown any intent to further pursue his case. As such, I recommend dismissing the case with prejudice.[3]

### Conclusion

For the foregoing reasons, I respectfully recommend that the Defendants' motion be granted. Any objections to the recommendations made in this Report & Recommendation ("R&R") must be filed with the Clerk of the Court and the Chambers of the Honorable I. Leo Glasser within fourteen days of receiving this R&R. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b) (1) (c); Fed. R. Civ. P.

---

[2] Dismissal is also appropriate in light of the fact that Love has not produced any evidence showing that he has a viable cause of action against the Defendants, while the Defendants' initial investigation established that Love did not work for them or their predecessors within the time period allowed under the applicable statute of limitations. (Kozak Aff., Ex.B, at 1.)

[3] I express no opinion on feasibility of Rule 23 class certification in any subsequent action involving any members of the putative class alleged in the Complaint because Love has not moved to certify the class. (*See* Dkt.) The dismissal of this action should be without prejudice, costs or fees to any putative class members.

6(a), 6(e), 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The Defendants are hereby directed to serve copies of this R&R upon Love at his last known address and file proof of service with the Clerk of the Court.

Dated: June 2, 2010
      Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**